1 | Chanrath Yim Yath 70022097
Federal Correctional Institution #2
2 | Post Office Box 3850
Adelanto, California 92301
3



4 | UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

5 | CHANRATH YIM YATH,        ) Case No CV15-08322 JAK (JPR~)
6 |          Plaintiff,       )
                             )
7 |     v.                    )
Stanislaus Credit Control    )
8 | Servicing Inc.            )          COMPLAINT
Jim Spellman, Pres.          )
9 |             Defendant.)



10

11 | A.                    JURISDICTION

12 |    1.    This is an action that alleges that this court has federal question

13 | jurisdiction over this action pursuant to 28 U.S.C. §1331 because:

14 | a.    The plaintiff is an individual residing in and a citizen of the State of

15 | California;

16 | b.    The defendant is a corporation organized and existing under the laws of

17 | the State of CA      with its principle place of business in Modesto,

18 | California.

19 | c.    This is a civil action arising out of the federal laws of the

20 |    United States of America.

21 | B.                    DEFINITIONS

22 |    2.    The plaintiff, Chanrath Yath is a "consumer" as defined by 15 U.S.C.

23 | § 1692a(3), as "any natural person obligated or allegedly obligated to pay any debt".

24 |    3.    The defendant, Stanislaus Credit Control Ser. is a "debt collector" as defined by

25 | 15 U.S.C. § 1692a(6), as "any person who uses any instrumentality of interstate

26 | commerce or the mails in any business the principle purpose of which is the collection

27 |                    Page 1 of 7

1 of any debts, or who regularly collects or attempts to collect, directly or indirectly,

2 any debts owed or due or asserted to be owed or due another."

3 C.

STATEMENT OF THE CASE

4

5   4.   On   June 05, 2015,   plaintiff obtained a copy of his credit report from

6 TransUnion Corporation   ,which revealed that Stanislaus Credit Control Ser.

7 ("defendant") had placed an entry on plaintiffs credit report which communicated that

8 plaintiff allegedly had an account in default with the defendant in the amount of

9 $115.00 through assignment from Medical G      dated 10-9-2012 See "Exhibit A"

10   5.   On 7-06-2015     , defendant took receipt of plaintiffs "Notice of Administrative

11 Relief", requesting defendant validate the alleged debt, pursuant to the Fair Debt

12 Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a) and 1692g(b), through certified

13 mail receipt # 70132630000229836550  which is attached as "Exhibit B".   It should be

14 noted that defendant refused to respond to plaintiffs validation request.

15 D.

CLAIM ONE

16   6.   Plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(2)(A)

17 of the Fair Debt Collections Practices Act when he reported to Equifax Information

18 Services, Experian Information Solutions, and TransUnion Corp. that plaintiff is in

19 default with the defendant in the amount of $115.00 through assignment from Medical G.

20   See "Exhibit A".  Snyder v. Gordon, U.S. LEXIS 120659, (9th Cir. 2012) which

21 states "a misstatement, whether unintentional or false representation of the "character,

22 amount, or legal status  of any debt is prohibited by the "FDCPA" and constitutes a

23 violation of the "Act" as a matter of law." The defendant intended to manipulate the

24 plaintiff by falsely representating the alleged debt, which is a violation of the Fair

25 Debt Collections Practices Act ("FDCPA").

26   7.   Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

27 defendants violation of 15 U.S.C. § 1692e(2)(A) of the ("FDCPA").

E.
## CLAIM TWO

8.  Plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(8) of the Fair Debt Collections Practices Act when he communicated false information concerning the alleged debt that plaintiff never owed to defendant, nor had the alleged debt been assigned to the defendant. Plaintiff communicated to Equifax Information Services, Experian Information Solutions, and TransUnion Corp. false information, stating that Stanislaus Credit Co. had been assigned to collect said debt from the plaintiff, and plaintiff was in default for $115.00 to defendant. See "Exhibit A"

9.  Nelson v. Equifax Info. Servs. LLC, 522 F. Supp. 2d 1222 (9th Cir. 2007) states, "in order to substain a section 1692(8) claim, a party must show that a debt collector communicated or threatened to communicate credit information which they knew or should have known was false, including failing to communicate that debt was disputed". Enhanced Recovery Co. never had a valid assignment authorizing them to pursue and report to credit bureaus alleged debts associated with the plaintiff.

10.  Plaintiff hereby seeks statutory damages in the amount of $1,000ºº for the defendants violation of 15 U.S.C. § 1692e(8) of the ("FDCPA").

F.
## CLAIM THREE

11.  Plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(10) of the Fair Debt Collections Practices Act when he used false and deceptive means to attempt to collect a debt from the plaintiff. By communicating false information, the defendant attempted to gain an advantage of an unsophisticated consumer through the false misrepresentation.

12.  Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. LEXIS 27057 (9th Cir. 2013) states, "A debt collector violates [section 1692e(10) if it 'use[s]... a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer ("a debt collectors representation that a debt is owed to it when in fact is not, amounts to a misrepresentation barred by the

1  FDCPA").

2  13.  Plaintiff hereby seeks statutory damages in the amount of $1,000ºº for the

3  defendants violation of 15 U.S.C. § 1692e(10) of the ("FDCPA").

4  G.                              <u>CLAIM FOUR</u>

5  14.  Plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(12) of

6  the Fair Debt Collections Practices Act when he communicated the false representation

7  that the alleged account was turned over to Stanislaus Credit Co. for value to

8  Equifax Information Services, Experian Information Solutions, and TransUnion Corp.

9  See "Exhibit A".  Defendant never received assignment to pursue or report to credit

10 bureaus alleged debts associated with the plaintiff.

11 15.  Fortunato v. Hopp Law Firm, LLC, U.S. Dist. LEXIS 152712 (9th Cir. 2012)

12 states, "Section 1692e(12) prohibits "the false representation or implication that

13 accounts have been turned over to innocent purchasers for value", when determining

14 whether a misrepresentation in a debt collection has been made, the court must apply

15 the "least sophisticated debtor" standard and make a determination as to whether the

16 debtor would be "deceived or mislead by the misrepresentation", quoting Wade v. Reg'l

17 Credit Ass'n, 87 F. 3d 1098, 1098-100 (9th Cir. 2006)

18 16.  Plaintiff hereby seeks statutory damages in the amount of $1,000ºº for the

19 defendants violation of 15 U.S.C. § 1692e(12) of the ("FDCPA").

20 H.                              <u>CLAIM FIVE</u>

21 17.  Plaintiff asserts defendant violated section 15 U.S.C. § 1692f(1) of the

22 Fair Debt Collections Practices Act when he used unconscionable means to attempt to

23 collect an alleged debt by reporting to Equifax Information Services, Experian

24 Information Solutions, and TransUnion Corp. that **Stanislaus Credit Control Serv.** had

25 obtained legal permission, documented by a valid assignment that plaintiff was now in

26 default with a debt owed to the defendant with the attempt to force plaintiff to pay

27

1 | the $115.00 allegedly owed.

2    18. Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states,

3 "a debt collector may not use unfair or unconscionable means to collect or attempt to

4 collect any debt. Without limiting the general application of the foregoing, the

5 following conduct is a violation of this section:  (1) The collection of any amount

6 (including any interest, fee, charge, or expense incidental to the principle obligation)

7 unless such amount is expressly authorized by the agreement creating the debt or

8 permitted by law". Minus the agreement to collect on the attempted debt,    defendant

9 is in direct violation of this section.

10    19. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

11 defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

12 I.                        CLAIM SIX

13    20. Plaintiff asserts that defendant violated section 15 U.S.C. § 1692g(b) of the

14 Fair Debt Collections Practices Act when he refused to respond to plaintiffs validation

15 request. Defendant took receipt of plaintiffs "Notice of Administrative Remedy" where

16 plaintiff requested that defendant provide the original creditors name and address, and

17 verification of the alleged assignment or documents that gives Stanislaus Credit Control

18 the legal right to pursue and report to credit bureaus alleged debts associated with the

19 plaintiff.  Defendant took receipt of plaintiffs request for validation through

20 certified mail receipt #.70132630000229836550 which is attached as "Exhibit B".

21    21. Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013)

22 states, "If the consumer notifies the debt collector in writing within the thirty-day

23 period described in subsection (a) of this section that the debt, or any portion thereof

24 is disputed, or that the consumer requests the name and address of the original creditor,

25 the debt collector shall cease collection of the debt, or any disputed portion thereof,

26 until the debt collector obtains verification or judgment, or name and address of the

1  original creditor, is mailed to the consumer by the debt collector". By Stanislaus
2  Credit Control Serv.   refusing to communicate with plaintiff regarding the original
3  creditor and the alleged assignment or documents the granted the defendant the right
4  to report to credit reporting agencies that defendant legally obtained alleged debt,
5  defendant is in violation of section 1692g(b).

6     22.  Plaintiff hereby seeks statutory damages in the amount of $1,000.ºº for the
7  defendants violation of 15 U.S.C. § 1692g(b) of the ("FDCPA").

8  J.                                   DAMAGES

9     23.  15 U.S.C. § 1692k - Civil Liability - (a) Amount of Damages - Except as
10 otherwise prohibited by this section, any debt collector who fails to comply with any
11 provision of this title [15 USCS §§ 1692 et seq.] with respect to any person is liable
12 to such person in an amount equal to the sum of:
13 (2)(A) in the case of any action by an individual, such additional damages as the court
14 may allow, but not exceeding $1,000.ºº.

15

16 K.                             REQUESTED RELIEF

17 CLAIM ONE:  For violation of 15 U.S.C. § 1692e(2)(A) of the ("FDCPA") - $1,000.ºº
18 for each of the credit reporting agencies the false representation was reported to,
19 which includes Equifax Info. Services, Experian Info. Solutions, and TransUnion Corp.
20 Total damages - $3,000.ºº

21 CLAIM TWO:  For violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") - $1,000.ºº for
22 each of the credit reporting agencies that false information was reported to by the
23 defendant, which includes Equifax Info. Services, Experian Info. Solutions, and
24 TransUnion Corp.
25 Total damages - $3,000.ºº

26

27

1  CLAIM THREE:  For violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") - $1,000.ºº for

2  each of the credit reporting agencies that defendant communicated false information to,

3  which includes Equifax Info. Services, Experian Info. Solutions, and TransUnion Corp.

4  Total damages - $3,000.ºº

5  CLAIM FOUR:  For violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") - $1,000.ºº for

6  each of the credit reporting agencies that defendant made the false representation to

7  concerning the plaintiffs alleged debt, which includes Equifax Info. Services, Experian

8  Info. Solutions, and TransUnion Corp.

9  Total damages - $3,000.ºº

10  CLAIM FIVE:  For violation of 15 U.S.C. § 1692f(1) of the ("FDCPA") - $1,000.ºº for each

11  of the credit reporting agencies that defendant used unconscionable means to attempt to

12  collect an alleged debt from the plaintiff, which includes Equifax Info. Services,

13  Experian Info. Solutions, and TransUnion Corp.

14  Total damages - $3,000.ºº

15  CLAIM SIX:  For violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") - $1,000.ºº for

16  refusing to validate the alleged debt that the defedant reported to the three credit

17  reporting agencies, which includes Equifax Info. Services, Experian Info. Solutions,

18  and TransUnion Corp.

19  Total damages - $1,000.ºº

20      24.  The total amount of damages requested by plaintiff is $16,350.ºº.

21      25.  The $350.ºº added is the court cost associated with this action.

22  I, Chanrath Yath hereby declare under penalty of perjury, California State Law, that

23  the information stated above and on any attachments to this form are true and correct.

24  Dated: 9.15.2015      By_____.

25

26

27

Page 7 of 7

# EXHIBIT



**LAMB & MICHAEL**
A Professional Corporation
1314 G Street, Modesto, CA 95354
Tel: 209-578-4111  Fax: 209-578-4969

Linda S. Leong, Esq.
William H. Michael (1947-2010)
Jack B. Lamb (1924-1992)

August 20, 2015

Chanrath Yath #70022097
Federal Corrections Institute 2
P. O. Box 3850
Adelanto, California  92301

Re:   Our Client:      Stanislaus Credit Control Service
      Creditor:        Family Heath Care Medical Group
      Our File No.     15-01703-0

Dear Mr. Yath:

This office represents Stanislaus Credit Control Service, Inc.  The sole purpose of this letter is to respond to your letter to our client of June 30, 2015, which our client received on July 6, 2015.

As requested, please find enclosed a copy of the statement supplied by the assigning creditor validating the captioned account.  I hope this statement clarifies your concern.

This letter is sent by a debt collector and all information obtained will be used for the purpose of collecting this debt.

Thank you for your kind cooperation in this matter.

Very truly yours,

LAMB & MICHAEL
A Professional Corporation

Linda S. Leong
LSL:tc
Encl.

Remit payment to:                                                                **Patient Statement**

# FAMILY HEALTH CARE MEDICAL GROUP
1320 CELESTE DRIVE
Modesto, CA  95355-2402
(209) 527-6900

| Patient ID: | 67498 | Chanrath Y Yath | | | Total Charges: | $115.00 |
|---|---|---|---|---|---|---|
| Birthdate: | 11/08/1979 | 1836 Choctaw Way | | | Total Payments: | $0.00 |
| Phone 1: | (209) 606-4805 Cell | Modesto CA  95356 | | | Total Adjustments: | $115.00 |
| Phone 2: | | | | | Insurance Balance: | $0.00 |
| | | | | | Patient Balance: | $0.00 |

| Visit | Company | | Provider | Facility | Ticket Number | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Service | Code | Description | | | | Units | Fee | Insurance | Patient |
| 02/15/2012 | | FAMILY HEALTH CARE MEDICAL GRC | Veerappa M.D., Nandeesh | Office | 406776 | | | | |
| 02/15/2012 | 99213 | Intermediate OV - Established | | | | 1.00 | $86.00 | $86.00 | $0.00 |
| 04/30/2012 | | Transfer from Insurance | | | | | | ($86.00) | $86.00 |
| 10/05/2012 | | Hardcore Collections Adjustment | | | | | | $0.00 | ($86.00) |
| | | | | Visit Total/Balance Due | | | | $0.00 | $0.00 |
| 05/17/2012 | | FAMILY HEALTH CARE MEDICAL GRC | Veerappa M.D., Nandeesh | Office | 420861 | | | | |
| 05/17/2012 | 99080B | Billing Charge | | | | 1.00 | $9.00 | $0.00 | $9.00 |
| 10/05/2012 | | Hardcore Collections Adjustment | | | | | | $0.00 | ($9.00) |
| | | | | Visit Total/Balance Due | | | | $0.00 | $0.00 |
| 07/12/2012 | | FAMILY HEALTH CARE MEDICAL GRC | Veerappa M.D., Nandeesh | Office | 428411 | | | | |
| 07/12/2012 | 99090Z | COLLECTION CHARGE | | | | 1.00 | $20.00 | $0.00 | $20.00 |
| 10/05/2012 | | Hardcore Collections Adjustment | | | | | | $0.00 | ($20.00) |
| | | | | Visit Total/Balance Due | | | | $0.00 | $0.00 |
| | | | | Selected Visit Totals | | | | $0.00 | $0.00 |

Patient History: Chanrath Yeth (67498)                                    Friday, August 03, 2012 11:16 AM

| Balance | Date | Description | Code/Type | Units | Fee | Charges/Total |
|---------|------|-------------|-----------|-------|-----|---------------|
| $0.00 | 11/22/2011 | Visit | | | | $135.00 |
| | 11/22/2011 | Procedure - Intermediate OV - New | 99203 | 1 | $135.00 | $135.00 |
| | 11/22/2011 | Diagnosis - Acute sinusitis, unspecified | 461.9 | | | |
| | 11/22/2011 | Adjustment - Insurance | PPO | | $35.85 | |
| | 12/22/2011 | Adjustment - Insurance | PPO | | ($35.85) | |
| | 12/22/2011 | Payment - Insurance | PPO | | $13.30 | |
| | 12/22/2011 | Transfer - Insurance | | | $121.70 | |
| | 2/6/2012 | Payment - Patient | Payment | | $60.00 | |
| | 2/6/2012 | Payment - Patient | Payment | | $61.70 | |
| $86.00 | 2/15/2012 | Visit | | | | $86.00 |
| | 2/15/2012 | Procedure - Intermediate OV - Established | 99213 | 1 | $86.00 | $86.00 |
| | 2/15/2012 | Diagnosis - Pain in joint, shoulder region | 719.41 | | | |
| | 4/30/2012 | Transfer - Insurance | | | $86.00 | |
| $9.00 | 5/17/2012 | Visit | | | | $9.00 |
| | 5/17/2012 | Procedure - Billing Charge | 99080B | 1 | $9.00 | $9.00 |
| | 5/17/2012 | Diagnosis - Billing Charge | 99080B | | | |
| $20.00 | 7/12/2012 | Visit | | | | $20.00 |
| | 7/12/2012 | Procedure - COLLECTION CHARGE | 99080Z | 1 | $20.00 | $20.00 |
| | 7/12/2012 | Diagnosis - COLLECTION CHARGE | 99080Z | | | |

| | |
|---|---|
| Original Balance | $59 |
| Status | 9 |
| Original Creditor | 11 AT T |
| Opened | 03/14/2011 |
| Remarks | Placed for collection |

| AFNI | $509 | 06/15/2014 |
|---|---|---|

| | |
|---|---|
| Account Name | AFNI |
| Account Number | 104953**** |
| Condition | Derogatory |
| Responsibility | Individual |
| Current Balance | $509 |
| Original Balance | $509 |
| Status | 9 |
| Original Creditor | 10 SPRINT |
| Opened | 04/28/2014 |
| Remarks | Placed for collection |

| STANISCCONTR | $115 | 11/30/2012 |
|---|---|---|

| | |
|---|---|
| Account Name   _STANISLAUS CREDIT CONTROL SERV. INC_ | STANISCCONTR |
| Account Number   _914 14TH ST._ | D972943**** |
| Condition   _MODESTO CA. 95354_ | Derogatory |
| Responsibility   _PRES. JIM SPELMAN_ | Individual |
| Current Balance | $115 |
| Original Balance | $115 |
| Status | 9 |
| Original Creditor | MED1 02 FAMILY HEALTH CARE |
| | MEDICAL G |
| Opened | 10/09/2012 |
| Remarks | Placed for collection |



## Other Accounts

| Account Name | Balance | Balance Date | Monthly Payment | Term |
|---|---|---|---|---|
| VERIZON | $1,873 | 04/30/2015 | $0 | 0 |

| | |
|---|---|
| Account Name | VERIZON |
| Account Number | 6715895400**** |
| Condition | Derogatory |

# EXHIBIT

# B

Stanislaus Credit Control Servicing

Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: 70132630000229836550

## Product & Tracking Information

| Postal Product: | Features: |
| --- | --- |
| | Certified Mail™ |

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| **July 6, 2015 , 4:16 pm** | Delivered | **MODESTO, CA 95354** |

Your item was delivered at 4:16 pm on July 6, 2015 in MODESTO, CA 95354.

| | | |
| --- | --- | --- |
| July 2, 2015 , 11:17 pm | Departed USPS Facility | WEST SACRAMENTO, CA 95799 |
| July 2, 2015 , 3:11 am | Arrived at USPS Facility | WEST SACRAMENTO, CA 95799 |
| June 30, 2015 , 10:19 pm | Departed USPS Facility | SAN BERNARDINO, CA 92403 |
| June 30, 2015 , 9:11 pm | Arrived at USPS Facility | SAN BERNARDINO, CA 92403 |
| June 30, 2015 , 5:35 pm | Departed Post Office | ADELANTO, CA 92301 |
| June 30, 2015 , 9:39 am | Picked Up | ADELANTO, CA 92301 |

THANK YOU

Chanreth Am Yath 73022-097
Federal Correctional Institute 2
Post Office Box 3850
Adelanto, CA 92301

Office of the clerk
U.S. Courthouse Room 98
Los Angeles, CA 90012-4797

CLERK, U.S. DISTRICT COURT
OCT 22 2015
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY